Joseph A. Cox, S.
Issue has arisen in this accounting proceeding as to the interpretation of an agreement entered into by a corporation, the decedent and Samuel Rosenblatt at a time when the individual parties were the equal owners of the corporate stock. The purpose of the agreement was to provide for the maintenance of insurance upon the lives of the shareholders, at the expense of the corporation, and, upon the death of one shareholder, the purchase of his stock by the surviving shareholder. The agreement further provided that upon the death of one- shareholder the insurance proceeds ‘ ‘ be used exclusively towards the purchase of the interest of the deceased stockholder ” and the purchase price of the decedent’s shares ‘1 be the book value of such shares of stock as shown by the last annual balance sheet of the Corporation preceding the date of death of the deceased individual party plus the sum of One Hundred Thousand ($100,000.00) Dollars representing the insurance proceeds on the life of the deceased individual party. ’ ’
The surviving shareholder, a coexecutor of the estate, has ■computed the purchase price of the decedent’s shares by including the insurance proceeds as a corporate asset and the resulting figure for which he considers himself liable as purchaser is the equivalent of one half of the book value of all the corporate shares as of the date of the last annual balance sheet plus one half of the insurance proceeds. The special guardian, on behalf of» his wards, objected to this formula, alleging that the entire proceeds of the insurance on the life of the decedent should be paid to the estate on the purchase of the decedent’s stock interest.
The court agrees with the position taken by the special guardian.
Oral testimony was introduced to show the intention of the parties. The problem is, however, one of construction of the language of the agreement, as to which extrinsic evidence was unnecessary, and the court has disregarded the testimony in reaching its determination. (Walzer v. Walzer, 1 A D 2d 482, 491.)
The surviving shareholder, in computing the purchase price of the shares, seems to have disregarded both the express *301 language of the agreement and its purpose. The explicit language of the contract is that the insurance proceeds be used “ exclusively towards the purchase ” of the deceased’s stock interest and that, upon the computation of such interest on the basis of book value, the sum of $100,000 be added thereto to arrive at the purchase price. It is to be noted that the book value so taken as a basis for computation was not the current value as of the date of the shareholder’s death but the value as of an earlier date and it is quite apparent that these valuations could be quite at variance. The basis of valuation so fixed was therefore not necessarily a true measure of value. It is also apparent that the good "will of the business represented a substantial value, yet the contract fixed that value at one dollar. These considerations undoubtedly motivated the inclusion of the insurance proceeds as an additional consideration in the sale of the stock.
The interpretation of the contract urged by the purchasing executor would give the decedent’s estate the benefit of but $50,000 of the proceeds of the two $100,000 insurance policies and would give the purchaser, either individually or as sole stockholder, the benefit of $150,000 in insurance. This result is contrary to both the spirit and text of the agreement.
It is held that the purchase price of the shares is to be computed by adding the amount of the insurance proceeds to the book value of such shares as fixed by the annual statement last rendered prior to the decedent’s death.
The fee of the attorneys for the executors will be fixed pursuant to sections 285 and 231-a of the Surrogate’s Court Act, upon their submission of an affidavit of legal services at the time of the settlement of the decree.
Submit decree on notice.